No. 411

First Circuit

————

HEBERT ET AL. v. CRUSEL

————

(February 13, 1929. Opinion and Decree.)

————

For opinion on rehearing, see 11 La. App. 205.

Rownd & Warner, of Hammond, attorneys for plaintiffs, appellants.

S. S. Reid, of Amite, attorney for defendant, appellee.

ELLIOTT, J. Joseph S. Hebert, J. P. Salassi, Mrs. Julia d'Aquin, nee Salassi, John R. Salassi, Mrs. Alice St. Amant, nee Salassi, and Miss Dinah M. Salassi are plaintiffs in a suit against J. E. Crusel for having, without any right to do so, according to their petition, entered on the S. W. ¼ of section 33, T. 8 S., R. 4 E., situated in the parish of Livingston, and cut and removed therefrom 182,737 feet of timber, and other timber and logs, other than tupelo gum and cypress, in addition to the quantity first mentioned. They claimed the total sum of $4,737.47 against him in damages on said account, but, before the case was submitted to the court, all claim above $2,000 was remitted.

The defendant owned the tupelo gum and cypress on the land by purchase from the plaintiffs, but not the other timber thereon.

The defense is that the defendant bought from the plaintiffs all the cypress and tupelo gum on the land in question, and that he and the plaintiffs supposed that the sale included all of the other timber thereon; that he cut and removed, in good faith, all the timber with the cypress and tupelo gum, in the belief that his title called for all the timber; that the plaintiffs' demand includes the timber cut and removed by him from headrights 40 and 50, adjoining the S. W. ¼ of section 33, and that all of the timber on these two headrights belonged to him; that the price claimed by the plaintiffs is excessive, and that the value of the timber on the S. W. ¼ of section 33, other than the cypress and tupelo gum, did not exceed $4 per M.

There was judgment against defendant for $465.30, with interest, and the plaintiffs have appealed.

The defendant answering the appeal prays that it be held that he cut the timber in good faith, and that the amount allowed against him in the lower court be reduced.

Plaintiffs' demand is excessive, because it is based on timber cut from sections 33, 40 and 50, and defendant is the owner of the timber on sections 40 and 50. Plaintiffs' claim is for the timber, other than the tupelo and cypress, cut from the S. W. ¼ of section 33 only.

The only question involved in the case is whether the defendant cut and removed the timber, other than the cypress and tupelo gum, from the S. W. ¼ of section 33, in moral good faith.

The evidence shows that plaintiff sold the cypress and tupelo gum on this piece of land to the defendant in June, 1924; consequently, defendant could hardly so soon have forgotten that he had not bought the other timber. In view of the evidence of the plaintiff on the subject, we are of the opinion that defendant had not forgotten it at the time of the cutting.

At the same time the record does not enable us to change the judgment appealed from for the reason that the only actual count and computation showing the quantity of timber cut and removed by Crusel was that made by J. G. Anderson. His testimony on the subject is shown by an admission in the back of the note of testimony which reads as follows: "And that witness testified that this statement showed all the timber, cypress excepted, which had been cut from Section 33 in T. 8, S. R. 4 E., and that the testimony of this witness is uncontradicted." This admission as to his testimony is exactly in line with the estimate which he made, and which we find offered in evidence and filed in the record, marked exhibit "D 6." This statement is not limited to the S. W. ¼ of section 33, but refers to timber cut and re-

moved from the entire section, and, in addition, it includes the tupelo gum. Defendant had the right to cut and remove the tupelo gum; consequently we are entirely without evidence or estimate, on which we can safely act as to the quantity of timber cut and removed by Crusel from the S. W. ¼ of section 33, that he did not buy from the plaintiffs.

In such a situation we cannot fix any amount for which the defendant should be condemned, and the only course we can pursue, under the showing made, is to affirm the judgment appealed from.

Judgment affirmed; appellants to pay the costs of appeal.